United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JENEL JEROME, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1075 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Jenel Jerome filed this habeas action while detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. He contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. §1225 (b)(2)(A).

The Court previously issued an Order (Doc. 3) citing authorities that undermined Petitioner's claims and ordering Petitioner to file a Statement responding to those authorities by an indicated deadline. The Court notified Petitioner that the failure to file the required Statement would lead the Court to deny the Petition. Petitioner failed to file the Statement. Based on the authorities within the Court's previous Order (Doc. 3), the Court concludes that Petitioner does not present any meritorious claim.

In addition, under Federal Rule of Civil Procedure 41(b), a court may sua sponte dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Petitioner's failure to comply with the Court's Order (Doc. 3) provides an additional ground for the denial of the Petition.

As a result, it is:

**ORDERED** that Jenel Jerome's Petition for Writ of Habeas Corpus (Pet., Doc. 1) is **DENIED.**

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

The Clerk of Court is directed to close this case.

Signed on November 4, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge